SCHEB, Judge.
Appellant Judith A. Shere challenges the correctness of an order of distribution ancillary to a sale of property in a partition action.
As a result of their divorce, Richard and Judith Shere became tenants in common of their former marital home. The former husband brought a partition action to force the sale of the property. In the final judgment the court found the parties to each have a one-half interest in the property and directed the clerk of the circuit court to offer it at public sale in accordance with section 45.031, Florida Statutes (1983). The judgment awarded appellant $800 from her former husband’s share of sale proceeds because of improvements she made to the property. It further stipulated that if either of the parties was the successful bidder, he or she should deposit one-half of the bid plus $3,000 with the clerk of the court. She deposited $18,750 with the clerk; $15,750 representing one-half of the bid plus the $3,000 required by the final judgment.
On March 14, 1985, the trial court entered its second amended order of distribution. The court awarded each party’s attorney $1,400 plus costs incurred, and after deducting the clerk’s fee of $192.50, directed that the remaining $18,557.50 be distributed as follows:
William A. Borja (Appellant’s Attorney) $ 1,501.50
Stanley M. Miller (Appellee’s Attorney) 1,421.50
*102 Richard A. Shere $14,834.50
Judith A. Shere 800,00
$18,557.50
Appellant contends the court’s order of distribution was erroneous to the extent that it had the effect of requiring that all fees and costs be deducted from her $3,000 deposit. We agree.
Nothing in the record suggests that the successful bidder was to be burdened with more than his or her share of the costs and fees incident to this proceeding. We think it only logical that the deposit was required for the sole purpose of securing payment of the fees and costs of a co-tenant who might become the successful bidder.
Appellee Richard Shere was entitled to receive only $13,392.25. His entitlement is to one-half of the $31,500 sale price less costs and fees incident to the sale:
One-Half Sale Price $15,750.00
LESS:
Improvements - 800.00
Clerk’s Fee $ 192.50
Attorney Borja 1.501.50
Attorney Miller 1.421.50
One-Half $3,115.50 -1,557.75
$13,392.25
Appellant, who purchased the property using her one-half interest in the property as a credit on the purchase price, was entitled to receive a return of her deposit of $3,000 less her $1,557.75 share of the attorney’s fees and costs, plus her $800 entitlement from her former husband. This equals $2,242.25.
Accordingly, we reverse that part of the March 14, 1985, order concerning distribution. We remand with directions that the trial court enter a revised order directing the clerk to distribute the remaining sum of $18,557.50 as follows:
William A. Borja $ 1,501.50
Stanley M. Miller 1,421.50
Richard A. Shere 13,392.25
Judith A. Shere 2,242,25
$18,557.50
We grant Judith Shere’s motion for attorney’s fees on appeal. On remand, the trial court shall determine and award the amount of such fees to be deducted from the distribution due Richard Shere and paid to Judith Shere’s counsel.
GRIMES, A.C.J., and LEHAN, J., concur.